682 So.2d 184 (1996)
Les SAMPLES, etc., et al., Appellants,
v.
HERNANDO TAXPAYERS ASSOCIATION, et al., Appellees.
No. 95-2517.
District Court of Appeal of Florida, Fifth District.
October 8, 1996.
*185 B. Jordan Stuart of Wood & Stuart, P.A., Fort Lauderdale, Richard McGee, McGee, Luckie & Dayton, P.A., Brooksville, and Lee R. Rohe, Assistant Attorney General, Tallahassee, for Appellants.
Mark R. Lewis, St. Petersburg, for Appellees.
ANTOON, Judge.
The Hernando County Tax Assessor appeals the trial court's order certifying a class pursuant to rule 1.220(a) of the Florida Rules of Civil Procedure. We have jurisdiction to review the certification order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vii). We affirm.
The plaintiffs filed a class action complaint against the tax assessor challenging the ad valorem tax assessments of real property located in a residential area of Hernando County known as Timber Pines. The complaint alleged that the tax assessor discriminated against the property owners in Timber Pines by utilizing a different formula to assess their properties from that used to assess other similar residential properties in Hernando County. According to the plaintiffs, application of this formula resulted in the Timber Pines properties being taxed at a higher proportion of the fair market value than other similarly situated properties. If true, this discriminatory scheme would constitute an aberration in the assessment process common to all members of the certified class. See Greens of Inverrary Condominium Association Phase I v. Johnson, 445 So.2d 1096 (Fla. 4th DCA 1984).
The requirements for certification of a class are numerosity, commonality, typicality and adequacy. See Fla. R. Civ. P. 1.220(a)(1)-(4). The standard of review for certification of a class is whether the trial court abused its discretion. Ray v. United States Department of Justice, 908 F.2d 1549 (11th Cir.1990), cert. granted in part, 499 U.S. 904, 111 S.Ct. 1104, 113 L.Ed.2d 212 (1991). The instant record demonstrates that the plaintiff's class satisfies these criteria and that the trial court did not abuse its discretion in certifying the class. On appeal, the tax assessor argues that regardless of whether the subject class meets the prerequisites for certification, certification was improper because a challenge to ad valorem tax assessments may not be brought by a class action. In support of his argument, the tax assessor suggests that no common law right to challenge an ad valorem tax assessment exists and therefore, the taxpayers are limited to the remedies set out in Chapter 194, Florida Statutes. The trial court properly focused on whether the requirements of rule 1.220 had been properly met and not on whether the plaintiffs had stated a cause of action or would prevail on the merits. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Thus, we do not reach the question of whether as a matter of law the owners of real property are precluded from maintaining a class action challenging the assessment of ad valorem taxes.
Moreover, the issue of whether the trial court erred in failing to dismiss the complaint for failure to state a cause of action is not properly before this court. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vii) limits our jurisdiction in this case strictly to review of the order of certification.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.