687 So.2d 357 (1997)
Robert E. McFADDEN, d/b/a Margaritas Y Amigas Restaurant, Appellant,
v.
Debra STALEY, individually and for all others similarly situated, Sysco Food Service of South Florida, Inc., a foreign corporation, Kraft Food Services, Inc., a foreign corporation, now known as Alliant Food Service, Inc., a foreign corporation, Kaye Bros., Inc., a Florida corporation and Mapelli Food Distribution Company, a foreign corporation, now known as Monfort Distribution Company, a foreign corporation, William H. Seabold, Kyle Vanderwende, Eleanor Joyce Burnette, Lenor Cotto, Monica Creazo, Dominic Demauro, Donald L. Edwards, Craig Ender, Gerald Geissler, Jason Hibbs, Shannon Hibbs, Paul Kiddon, Mark Pyne, Annette Rodriguez, Theresa Rodriguez, Kervin Ruiz, Lydia Ruiz, Joel Stempler, individually and for all others similarly situated, Appellees.
Nos. 96-0535, 96-0688.
District Court of Appeal of Florida, Fourth District.
February 12, 1997.
*358 Bohdan Neswiacheny of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for Appellant Robert E. McFadden d/b/a Margarita Y Amigas Restaurant.
Edward D. Schuster of Kessler, Massey, Catri, Holton & Kessler, P.A., Fort Lauderdale, for Appellant-Mapelli Food Distribution Company n/k/a Monfort Distribution Company.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., David J. Sales of Searcy Denney Scarola Barnhart & Shipley, P.A., and Eric H. Luckman of Liggio & Luckman, West Palm Beach, for appellees.
STONE, Judge.
We affirm an order granting Appellees' motion for class certification.
The class members are restaurant patrons who allegedly became ill from eating adulterated food at Appellant's restaurant over a four-day period. The complaint alleges that several hundred class members contracted salmonella poisoning, or were afflicted with various gastrointestinal ailments, as a direct result of unsanitary, unsafe and unhealthy food handling practices at the restaurant. A complaint filed by Debra Staley was consolidated with another class action complaint filed by eighteen other individuals making the same claims. The restaurant filed a third party complaint against its food suppliers.
Florida Rule of Civil Procedure 1.220(a), based on Federal Rule 23, essentially authorizes a class action if the court concludes that the members of the class are so numerous that separate joinder of each member is impracticable, the claim of the representative party raises questions common to the questions of law or fact raised by each member of the class, the claim is typical of the claim of each member of the class, and the representative party can fairly and adequately protect and represent the interests of each member of the class. In addition, the court must determine that the common questions of law or fact predominate over any question affecting only individual members of the class, and that class representation is superior to other available methods of proceeding, for the fair and efficient adjudication of the controversy. See Florida Rule of Civil Procedure 1.220(b)(3). We refer to these as requirements of commonality, predominance, superiority, typicality, and adequacy of representation.
The trial court determined that separate joinder of each potential member of the class is impracticable. There is evidence *359 that approximately 1600 patrons may have been physically affected. The court found that the issue of liability would be the same for all class members. The court also found that the issue of damages was the same, notwithstanding that the extent of individual damages may differ. The court also held that the claims of the class representatives are typical of those of other class members.
We reject Appellant's claim that class certification must be denied because the claims of each class member vary somewhat from that of the others. Claims which arise out of the same course of conduct by a defendant but in differing factual contexts may be pled as a class action if they present a question of common interest. In Powell v. River Ranch Property Owners Ass'n, Inc., 522 So.2d 69 (Fla. 2d DCA), rev. denied, 531 So.2d 1354 (Fla.1988), the court recognized that the primary concern in considering the typicality and commonality of claims should be whether the representative's claim arises from the same course of conduct that gave rise to the other claims and whether the claims are based on the same legal theory. In Broin v. Philip Morris Companies, Inc., 641 So.2d 888, 890 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995), the court quoted from Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 473 (5th Cir.1986), stating: "[T]he threshold of `commonality' is not high. Aimed in part at `determining whether there is a need for combined treatment and a benefit to be derived therefrom,' the rule requires only that resolution of the common questions affect all or a substantial number of the class members."
In Broin, the Third District held that the commonality and typicality requirements had been met in a lawsuit filed by 30 non-smoking flight attendants against tobacco manufacturers seeking damages under strict tort liability, breach of implied warranty, negligence, fraud, misrepresentation, and conspiracy to commit fraud, for injuries allegedly sustained by thousands of flight attendants as a result of inhalation of second-hand smoke. The court recognized that it would be nearly impossible to design a class whose members have identical claims.
The class members share a common interest in obtaining the relief sought. The common issues raised by the causes of action alleged include breach of implied warranty of fitness, violation of the Florida Food Act, negligence, and strict liability. All members of the class ate at the restaurant within the same period and each became ill. The allegations also indicate that the defendant acted towards each of them in a similar manner by serving food adulterated by using unsanitary and unhealthy food handling practices. Furthermore, the claim of the class representatives is typical of the claims of all class members. See Broin; Powell.
The adequacy of class representation is a fact issue within the discretion of the trial court. Broin; Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718 (11th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1221, 99 L.Ed.2d 421 (1988). A trial court's determination as to the qualifications of plaintiffs to adequately represent a class will not be disturbed on appeal absent a showing of a clear abuse of discretion. Adiel v. Electronic Fin. Sys., Inc., 513 So.2d 1347 (Fla. 3d DCA 1987).
Appellant argues that courts in the past have refused to certify class actions in mass tort cases. However, we note several instances in which both state and federal courts have recognized that class action treatment is appropriate in analogous instances. Georgine v. Amchem Prods., Inc., 83 F.3d 610 (3d Cir.1996); In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig., 693 F.2d 847, 853 (9th Cir.1982), cert. denied, 459 U.S. 1171, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983); Brown v. New Orleans Pub. Serv., Inc., 506 So.2d 621 (La.App.1987) (recognizing that a class action may be appropriate for a mass tort such as a food poisoning, where the causative link between the defendant's conduct and the plaintiffs' injuries is the same for all plaintiffs and the only issue that varies is the extent of damages for each individual member of that class); Hernandez v. Motor Vessel Skyward, 61 F.R.D. 558 (S.D.Fla.1973), aff'd, 507 F.2d 1278 (5th Cir. 1975); Bentkowski v. Marfuerza Compania Maritima, S.A., 70 F.R.D. 401 (E.D.Pa.1976) (cruise passengers-contaminated food or water); Williams v. State, 350 So.2d 131 (La. *360 1977) (a class comprised of 600 prisoners alleged that they had suffered attacks of food poisoning after eating a contaminated meal served at the prison). See also, R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39 (Fla. 3d DCA), rev. denied, 682 So.2d 1100 (Fla. 1996) (products liability action against tobacco companies).
There also is no error or abuse of discretion in the trial court's conclusion that a class action is particularly appropriate in this case because of the confluence of a large number of class members and the fact that the injuries suffered by each were relatively minor. See R.J. Reynolds Tobacco Co.; Broin. It is likely that permitting a class action in this case may provide litigants with their only economically viable remedy. See Johnson v. Plantation Gen. Hosp. Ltd. Partnership, 641 So.2d 58 (Fla.1994). The fact that some patrons have brought suit does not mean that it will be economically feasible for the class members to individually pursue their claims, given the likelihood that these individual claims are not sufficiently large to justify the expense of conducting separate litigation.
We, therefore, find no abuse of discretion in the court's conclusions that the elements of the rule are met, that there is adequate evidentiary support, that the plaintiffs can fairly and adequately protect the class, and that a class action is the best means of resolving this litigation. As to any other issues raised, we also affirm.
POLEN and GROSS, JJ., concur.