738 So.2d 436 (1999)
RENAISSANCE CRUISES, INC., Appellant,
v.
Michael GLASSMAN and Kathleen Clemens, individually and on behalf of all others similarly situated, Appellees.
No. 98-3496.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
*437 Jan Douglas Atlas, Robin Corwin Campbell and Eric Lee of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for appellant.
Carol McLean Brewer and Gerald F. Richman of Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., and C. Oliver Burt, III of Burt & Pucillo, L.L.P., West Palm Beach, for appellees.
WARNER, C.J.
This non-final appeal challenges the trial court's order certifying a nationwide class of cruise travelers. Appellant claims that the class fails to meet the requirements of Florida Rule of Civil Procedure 1.220(a)(2) and (b)(3) that common questions of law and fact predominate over individual issues. We affirm the trial court's well-reasoned order.
Appellees' claims are based on appellant's alleged charging of a "port charge" in addition to the cruise price. Appellees assert that appellant holds out such charges as being wholly due to the ports, but then keeps the money that is in excess of the actual port charges. As a result, the appellees filed suit claiming that this practice was a deceptive trade practice. Appellees also sought certification of the class of "[a]ll U.S. residents who traveled upon any vessel owned or operated by Renaissance on or after April 22, 1992, and paid port charges to Renaissance in connection with such cruise."
Appellant's arguments against certification centered on its claim that the laws of Florida could not or should not apply to each proposed class member, because most of them were not Florida residents and did not purchase their tickets in Florida. Therefore, since Florida law would not apply to most of the transactions, common questions of law would not predominate over individual questions. In support of this argument, appellant filed an affidavit from its risk management director who stated that appellant's cruises were sold to people both in and outside the United States, and 92% of the tickets were sold to non-Florida residents. During the proposed class period, appellant's cruises embarked and sailed on routes outside the United States. Based upon appellant's own figures, appellees were able to show at the hearing that, despite the fact that a majority of passengers were not from Florida, approximately 6,600 of the proposed class members are Florida residents. Moreover, appellees pointed out *438 that Renaissance's principal place of business is in Fort Lauderdale. Its U.S. business operations are controlled, directed and for the most part carried out in Broward County. Furthermore, appellees asserted that payment ultimately was made to appellant in Broward County for the cruises. Each ticket sold by Renaissance provided in its terms that the courts in Broward County would have jurisdiction over any disputes arising therefrom. Although appellees are not suing under the ticket, they point out that it is illogical for appellant to avail itself of Broward's jurisdiction where a suit arises from a cruise ticket, but then argue that such jurisdiction is not proper where a suit arises from a deceptive trade practice related to the cruise charges.
Because of the contacts of Renaissance with Florida, appellees argued that application of Florida law to the claims is appropriate and that a class action is the only feasible way to pursue the action because of the small monetary claims that each class member has. The trial court agreed and granted the motion to certify the class. The court concluded that there was sufficient commonality of factual and legal issues and that Florida had sufficient contacts, creating state interest, such that application of Florida law to the entire class was not arbitrary or unfair. The court noted that Florida has a great interest in protecting people dealing with corporations doing business within Florida. Each class member's claim implicates Florida's interest in applying its law to adjudicate the dispute which involved a business principally located in Florida.
The court further found that since all payments for the cruise were made to Renaissance in Florida, class adjudication was superior to individual actions in that the common injury occurred in Florida. Because of the small individual claims, individual members of the class would be deprived of an efficacious remedy without being able to participate in the class, and appellant has not suggested an alternate forum. Finally, due process would be served by the class action notice and the opportunity for the members to opt-out. Appellant appeals from this order.
Orders certifying a class may be reviewed as a non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vii). The order certifying a class action is subject to an abuse of discretion standard of review. See Jenne v. Solomos, 707 So.2d 1203, 1203 (Fla. 4th DCA 1998); Cordell v. World Ins. Co., 418 So.2d 1162, 1164 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983).
Florida Rule of Civil Procedure 1.220(a) sets forth the requirements for class certification. Under that rule, the prerequisites for bringing a class action are as follows:
(1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
Subsection (b) provides that a claim may be maintained on behalf of a class only if the above prerequisites are met and individual adjudications for proposed class members would be inconsistent; or the defendant's actions make injunctive or declaratory relief as a whole appropriate; or the common questions of law or fact "predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy."
Appellant claims that there were insufficient contacts with Florida to warrant application of Florida law to the entire *439 class so that common questions of law and fact would not predominate over individual claims. It relies on Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 818-19, 105 S.Ct. 2965, 2978, 86 L.Ed.2d 628 (1985), in which the Supreme Court found that to apply a state's substantive law to a class action without offending the Due Process or Full Faith and Credit Clauses, the court must find that the state has a significant contact or significant aggregation of contacts, creating state interests sufficient to make the choice of its law neither arbitrary nor fundamentally unfair.
Martin v. Heinold Commodities, Inc., 117 Ill.2d 67, 109 Ill.Dec. 772, 510 N.E.2d 840, 847 (1987), illustrates that certification is proper in deceptive trade practices cases even with multi-state class membership. In Martin, a class was certified where each of the multi-state members had a deceptive business practice claim against the commodities broker based upon the non-disclosure to its customers of additional fees charged by the commodities firm for sales transactions. The Illinois Supreme Court held that, despite the multistate membership of the class, Illinois law alone could be applied to the case consistent with the Phillips standard. See id. The court noted that the defendant's principal place of business was in Illinois and that this fact was made known to each class member in that: payments were to be remitted to defendant's Chicago office; complaints were to be directed to that office; Illinois law governed the agreement between defendant and each class member; all legal disputes were to be adjudicated in Illinois courts or in Federal courts located in Illinois; and the agreement establishing the agency relationship became binding only upon its receipt and approval by defendant at its Chicago office. See id. Based on those facts, the court found that each class member's claim implicated Illinois' legitimate interests "in applying its law to adjudicate a dispute involving a business principally situated in its jurisdiction and which, by its own efforts, insistently has sought to avail itself of both the courts and the laws of the forum State." Id. at 847.
The facts of this case are similar. The trial court found that Florida had significant connections, and the record gives support to its finding. Appellant's principal place of business is in Florida, and thousands of Florida plaintiffs have been allegedly harmed by appellant's port charge practice. For the most part, appellant's U.S. business operations are controlled and carried out from Broward County where payment for the cruises was made. The port charges generally were paid to the various foreign ports through checks issued out of Fort Lauderdale. Therefore, any overages were kept by appellant in Fort Lauderdale. The cruise ticket contract and marketing information originated in Broward county and bore appellant's Fort Lauderdale address. Moreover, the tickets provided that Broward County courts would have jurisdiction over disputes. This is indicative of the parties' mutual expectation that Florida law would apply to the transaction. Florida clearly has a significant contact with the claim of overpayment of port charges made by each claimant. There is nothing arbitrary nor fundamentally unfair in applying the law of Florida to all of the members of the class.
Appellant finally contends that based on Florida choice-of-law standards, the Florida substantive law would not apply. However, appellant cites to Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla.1980), which uses a significant relationship test to determine which state's substantive law should apply to a tort claim. Assuming both that multi-state class action certification must consider the state's choice-of-law procedures and that the tort claim choice-of-law standard would apply to this deceptive trade practice claim, considering all of the relevant fact and policy considerations, we conclude that the significant relationship test supports the application of Florida law to all claims.
*440 Appellant also argues that because the statute of limitations would vary from state to state, application of such differing statutes to individual class members would be unmanageable. However, in Bates v. Cook, Inc., 509 So.2d 1112, 1114-15 (Fla. 1987), the court held that the significant relationship test, as in Bishop, should be used to decide conflicts of law questions concerning statutes of limitations. Thus, since that test favors the application of Florida law, Florida's statute of limitations should apply to all class members.
For the foregoing reasons, we affirm the trial court's order.
STONE and TAYLOR, JJ., concur.