771 So.2d 56 (2000)
KPMG PEAT MARWICK, L.L.P., and William Wathen, Appellants,
v.
Marion BARNER, Tom Cardillo, Lenore Kohn, Sidney Kronick, Sylvia Kronick, James Lacey, Abraham J. Pastman, Adelle Pastman, Frank Patton, John Todd and Jean Wolff, Appellees.
No. 2D99-4179.
District Court of Appeal of Florida, Second District.
October 6, 2000.
Edward A. Marod, West Palm Beach, for Appellants.
Michael J. Pucillo, of Burt & Pucillo, LLP, West Palm Beach, William M. Rishoi, of Snyderburn, Rishoi & Swann, Winter Park, and Michael C. Addison, Tampa, for Appellees.
DAVIS, Judge.
KPMG Peat Marwick, L.L.P., and William Wathen, a senior auditor at KPMG, appeal the trial court's non-final order granting Marion Barner's motion for class certification. We reverse.
Barner and the other named appellees purchased secured notes or preferred stock from Keller Financial Services of Florida, Inc. ("KFS"). They allege that they suffered losses after KFS encountered financial losses and filed for bankruptcy. KPMG is a certified public accountant firm that performed accounting services for KFS.
Barner and the other plaintiffs filed a complaint against KPMG. Citing the Restatement (Second) of Torts § 552, the plaintiffs alleged that KPMG failed to use reasonable and ordinary care in preparing KFS' financial statements, which were supplied to KFS for use in a prospectus. The plaintiffs averred that KPMG was directly responsible for the plaintiffs' losses because the plaintiffs justifiably relied on KPMG's accounting audits of KFS' financial statements. The plaintiffs moved the trial court to certify as a class all those who had purchased either secured notes or shares of preferred stock from KFS. The trial court granted that motion, and KPMG appeals.
Although KPMG argues that the plaintiffs could not bring a class action against it under RESTATEMENT (SECOND) OF TORTS § 552, we need not reach that question. The parties agree that the trial court's order certifying the class does not comply with Florida Rule of Civil Procedure 1.220(d)(1), which requires the trial court to make findings of fact and conclusions of law. Furthermore, by taking the certification issue under advisement, the trial judge did not state the reasons for his ruling on the record. Because we cannot discern the trial court's rationale for its decision, we cannot determine whether it abused its discretion by certifying the class. Accordingly, we reverse the trial court's certification order, and remand for *57 additional proceedings consistent with this opinion.
Reversed and remanded.
THREADGILL, A.C.J., and FULMER, J., Concur.