778 So.2d 1000 (2000)
COURTESY AUTO GROUP, INC., Appellant,
v.
Wilma GARCIA, etc., Appellee.
No. 5D00-340.
District Court of Appeal of Florida, Fifth District.
November 17, 2000.
Rehearing Denied March 7, 2001.
*1001 Steven E.M. Hartz and Lawrence D. Silverman of Akerman, Senterfitt & Eidson, P.A., Miami, for Appellant.
Marsha L. Lyons of Lyons & Farrar, P.A., Tallahassee, for Appellee.
ORFINGER, M., Senior Judge.
Courtesy Auto Group, Inc. (Courtesy) appeals a non-final order granting Garcia's motion for class certification.[1] We reverse.
On January 19, 1998, Garcia leased a new 1997 GMC Safari van from Courtesy. Shortly after she took delivery of the automobile, Garcia sought to rescind the lease, based on Courtesy's 30-day money back guarantee program, advertised through the media and allegedly discussed with her prior to leasing the vehicle. She was advised by Courtesy that the guarantee did not apply to her lease, due to the financial incentives allowed. Because the lease agreement had already been assigned to GMAC, Garcia then contacted GMAC and demanded rescission. GMAC also refused.
In separate counts in her amended complaint, Garcia sought rescission against Courtesy, damages for intentional misrepresentation and fraud and for violations of the Florida Deceptive and Unfair Trade Practices Act (s. 501.201, et seq., Fla. Stat.) and rescission against GMAC. She added a class action claim for violation of the Florida Motor Vehicle Lease Disclosure Act (Ch. 521, Fla.Stat.). Garcia defined the class as all retail lessees of motor vehicles from Courtesy pursuant to a lease agreement whose last payment was due or will become due after February 18, 1997, and which failed to contain the mandatory disclosure required by section 521.004, Florida Statutes. Specifically, Garcia alleged in count V that Courtesy, as a retail lessor, had violated section 521.004(1), Florida Statutes (1997), by failing to make the mandatory disclosure required by the statute to be in the retail lease agreement, in a separate blocked section, in capital letters of at least 12-point bold type, as follows:
THIS IS A LEASE AGREEMENT.
THIS IS NOT A PURCHASE AGREEMENT.
PLEASE REVIEW THESE MATTERS CAREFULLY AND SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE ANY QUESTIONS CONCERNING THIS *1002 TRANSACTION. YOU ARE ENTITLED TO AN EXACT COPY OF THE AGREEMENT YOU SIGN. CAPITALIZED COST $........
(Your total cost of goods, services, & fees.)
CAPITALIZED COST REDUCTION $........
(Your total credits.)
ADJUSTED OR NET CAPITALIZED COST $........
(Your net cost of goods, services, & fees.)
By the time of the hearing for class certification, Garcia had settled her claim against GMAC. Pursuant to the settlement, she was allowed to return the vehicle, was released from all future liability under the lease and received attorneys fees and costs. No evidence was taken at the hearing on class certification, and at its conclusion, over Courtesy's objection, the court issued an order granting the motion to determine class. The court determined that Garcia had met the class action requirements of numerosity, commonality, and typicality, and had also established the adequacy of her representation of the class. In addition, the circuit court found that the predominance requirement of Florida Rule of Civil Procedure 1.220(b)(3), was met and that class representation in this case was superior to other available methods of adjudication.
The issue before us is whether the trial court abused its discretion. See Samples v. Hernando Taxpayers Ass'n, 682 So.2d 184 (Fla. 5th DCA 1996). A party seeking class certification has the burden of pleading and proving each and every element required by Rule 1.220 for certification of the class. See Execu-Tech Business Systems, Inc. v. Appleton Papers, Inc., 743 So.2d 19 (Fla. 4th DCA 1999), rev. denied, 763 So.2d 1042 (Fla.2000).
The record before us reveals that on the same day that Garcia executed the lease agreement, she also executed a document entitled "Florida Consumer Lease Disclosure," which contained the wording required by section 521.004(1), Florida Statutes, printed in the style and with the content required by the statute and properly completed, and which at the top contained this legend:
Florida law requires these disclosures if your lease is primarily for personal, family of household purposes. When you sign below, these disclosures become part of your lease. (emphasis supplied).
Clearly, Garcia was given the disclosures required by the statute. When two or more documents are executed by the same parties at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be read and construed together. See Collins v. Citrus National Bank, 641 So.2d 458 (Fla. 5th DCA 1994); Citicorp Real Estate, Inc. v. Ameripalms 6B GP, Inc., 633 So.2d 47 (Fla. 3d DCA 1994); KRC Enterprises, Inc. v. Soderquist, 553 So.2d 760 (Fla. 2d DCA 1989). Garcia argues that to satisfy section 521.004(1) the disclosure must be in the lease proper, but it is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing. See OBS Co., Inc. v. Pace Const. Corp., 558 So.2d 404 (Fla. 1990); Henderson Inv. Corp. v. International Fidelity Ins. Co., 575 So.2d 770 (Fla. 5th DCA 1991); Popwell v. Abel, 226 So.2d 418 (Fla. 4th DCA 1969). The requirement of section 521.004(1) was satisfied and Garcia has no cause of action against Courtesy for noncompliance therewith.
The trial court therefore erred in concluding that Garcia had standing to represent the class. If the named plaintiff purporting to represent a class fails to establish the requisite case or controversy with the defendant, she may not seek relief on behalf of herself or any other member of the class. See Ramon v. Aries Ins. Co., *1003 769 So.2d 1053 (Fla. 3d DCA 2000); Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004 (Fla. 3d DCA 1997).
Courtesy also argues that Garcia has failed to meet her burden of showing that she is an adequate class representative because, among other reasons, her interests in the litigation are different from, and antagonistic to, the interests of other class members.
We agree. Garcia failed to show that her representation would not be antagonistic to the rest of the class she purported to represent. She had individual claims against Courtesy not shared by the class and might use the class action as a means of pressuring settlement of those claims. Therefor, her sole concern might not be what is best for the class. She had the burden of proving her adequacy to represent the class, Execu-Tech Business Systems, supra, and that her representation would not be antagonistic to the class. This she failed to do. We therefore conclude that the trial court abused its discretion in certifying the class.
REVERSED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(C)(vii).