781 So.2d 480 (2001)
Terry L. BRAUN, P.A., d/b/a Ocala Dental Care, Appellant/Cross-Appellee,
v.
Jan CAMPBELL and Robert Daily, et al., Appellees/Cross-Appellants.
No. 5D00-951.
District Court of Appeal of Florida, Fifth District.
March 16, 2001.
*481 Kathleen S. Cumming and David R. Kuhn of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellant/Cross-Appellee.
Paul S. Rothstein and N. Albert Bacharach, Jr., Gainesville, for Appellees/Cross-Appellants.
PLEUS, J.
Terry L. Braun, P.A., d/b/a Ocala Dental Care, and Illya Hawthorn, appeal a nonfinal order granting class certification in part and denying class certification in part. We have jurisdiction based on Rules of Appellate Procedure 9.130(a)(3)(C)(vii) and 9.130(a)(6). Although there are several issues on appeal and cross-appeal, the only issue relevant to our disposition of the case is whether the trial court's factual findings and legal conclusions comply with Florida Rule of Civil Procedure 1.220(d)(1).
Appellee's Third Amended Class Action Complaint against Braun and Hawthorn asserts several causes of action: deceptive and unfair trade practices, breaches of express and implied contract, negligence, and battery. Appellees alleged that Braun, a professional association, hired Hawthorn to treat patients in his clinic even though Hawthorn did not have a license to practice dentistry. They further alleged that Hawthorn had previously been sanctioned by the state of Florida for practicing dentistry without a license and that Braun failed to disclose Hawthorn's unlicensed status to them.
One of the appellees, Nancy Hunt, alleged that Hawthorn had ruptured her sinus pocket while performing "sundry dental services" including an examination and extraction of approximately 11 teeth. Hunt alleged that she and/or her insurers incurred an expense of $1,816 for corrective procedures. Appellee Joseph Pascucci, the husband of Nancy Hunt, alleged that, as a direct and proximate result of appellants' negligence in causing Hunt's injuries, he had incurred damages for the loss of her consortium. Other appellees, Jan Campbell and Robert Daily, alleged that Hawthorn had treated them and that they had respectively paid Braun $50 and $100 for Hawthorn's services.
Appellees defined their class as "[a]ll persons who received any dental diagnosis, care or treatment" from Hawthorn while he was working out of Braun's place of business. In their Motion for Class Certification, appellees also included anyone who had received dental services from *482 Hawthorn while he was employed at Correctional Medical Services, Inc.
In the order appealed, the trial court denied appellees' motion to certify their deceptive and unfair trade practices and express contract claims against appellants as a class action on the sole ground that "individual questions predominate over any common questions, thus making any class action trial unmanageable." The court granted appellees' motion to certify their implied contract, negligence, and battery claims against appellants as a class action.
Appellants contend that the trial court's order fails to comply with Rule 1.220(d)(1), which reads in part as follows:
(d) Determination of Class Representation;...
(1) As soon as practicable after service of any pleading alleging the existence of a class under this rule and before service of an order for pretrial conference or a notice for trial, after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the court's initiative. Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based .... [emphasis added].
We agree with appellants that the trial court's order is devoid of the factual and legal findings required by Rule 1.220(d)(1). As in KPMG Peat Marwick v. Barner, 771 So.2d 56 (Fla. 2d DCA 2000), it is difficult to discern the court's rationale for its order. Accordingly, we reverse the trial court's certification order and remand for additional proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.