PER CURIAM.
Correctional Medical Services, Inc. appeals an order granting in part certification of a class. Garrett A. Wise and the *1287 other plaintiffs cross-appeal the portion of the order granting certification.
Correctional Medical provided medical services in the Marion County jail. Correctional Medical engaged Ilya Hathorn, who provided dental services to the plaintiffs when they were incarcerated. It was later discovered that Hathorn was not a dentist, although Correctional Medical’s affidavit states that he showed Correctional Medical a license, a degree, and references. Hathorn pleaded nolo contendere to a charge of the unauthorized practice of dentistry.
This case is controlled by Braun v. Campbell, 781 So.2d 480 (Fla. 5th DCA 2001). The plaintiffs there had been treated by Hathorn when he was employed by Terry Braun, P.A., d/b/a Ocala Dental Care. They sued Braun under the same theories under which the plaintiffs in the instant case sued Correctional Medical. The trial court’s orders in the instant case and Braun are nearly verbatim. We held in Braun:
We agree with appellants that the trial court’s order is devoid of the factual and legal findings required by Rule 1.220(d)(1). As in KPMG Peat Marwick v. Barrier, 771 So.2d 56 (Fla. 2d DCA 2000), it is difficult to discern the court’s rationale for its order. Accordingly, we reverse the trial court’s certification order and remand for additional proceedings consistent with this opinion.
On the authority of Braun, the order of the trial court is REVERSED and the cause is REMANDED for further proceedings.
THOMPSON, C.J., HARRIS and PALMER, JJ., concur.