WALLIS, J.
Appellants, Jonathan Bawtinhimer and Geoffrey Fortunato, appeal the trial court’s order denying class certification of their eight-claim action against Appellees, D.R. Horton, Inc. and DHI Mortgage Co., Ltd. The trial court’s order denied class certification on all eight claims in a single-page analysis, which explained that Appellants’ demand for rescission of all contracts between Appellees and putative class members rendered the action inappropriate for class litigation. We affirm.
*540 We write only to address the dissent’s position that Florida law requires a trial court to address a request for class certification with a claim-by-claim analysis. In federal court, any order disposing of a request for class certification must address each count for relief on a claim-by-claim basis, based on federal case law. See, e.g., In re Dynegy, Inc. Sec. Litig., 226 F.R.D. 263, 270 (S.D.Tex.2005) (citing James v. City of Dallas, 254 F.3d 551, 563 (5th Cir.2001)); see also Rosen v. Tenn. Comm’r of Fin. and Admin., 288 F.3d 918, 928 (6th Cir.2002); Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 976 (5th Cir.2000). The controlling federal law requires the claim-by-claim analysis regardless of whether the court grants or denies the request for certification. “Florida’s Class Action rule, Florida Rule of Civil Procedure 1.220, is based on Federal Rule of Civil Procedure 23, and this court may look to federal cases as persuasive authority in the interpretation of rule 1.220.” Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200, 201 (Fla. 4th DCA 1998) (citing Broin v. Philip Morris Co., 641 So.2d 888, 889 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995)). Previous Florida cases have applied a claim-by-claim analysis when considering a request to certify a class, but no cases required individualized findings in orders denying class certification. See e.g., Terry L. Braun, P.A. v. Campbell, 781 So.2d 480, 482 (Fla. 5th DCA 2001); Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1235 (Fla. 2d DCA 1993) (noting that trial court’s order certifying a class was not sufficiently clear as to whether all issues were certified or only particular issues); Alderwoods Grp., Inc. v. Garcia, 119 So.3d 497, 502 (Fla. 3d DCA 2013) (trial court individually certified plaintiffs claims under different provisions of Florida Rule of Civil Procedure 1.220(b). But cf. InPhyNet Contracting Servs., Inc. v. Cap. Soria, 33 So.3d 766, 769-74 (Fla. 4th DCA 2010) (reversing trial court’s certification of a class, despite the existence of common issues of fact on some claims, because individual issues in other claims predominated). In this case, we find the trial court’s order provided sufficient analysis to deny class certification on all eight of Appellants’ claims.
AFFIRMED.
BERGER, J., concurs.
ORFINGER, J., concurring in part, dissenting in part, with opinion.