ORFINGER, J.,
concurring in part; dissenting in part.
I agree with the majority that the trial court’s denial of class certification regarding count 4 — the rescission claim — was correct. However, I would return the case to the trial court to consider class certification separately for each claim.
Appellants purchased homes constructed, marketed, and sold by Appellees in the Waterside Estates community. Waterside is allegedly located either within or “on the Northeastern boundary of’ a former United States Army site known as the Pinecas-tle Jeep Range (the “PJR”). The Army conducted gunnery and bombing training at the PJR during and immediately after World War II. In July 2007, an unexploded bomb was found on the grounds of a school located within the former PJR. In their complaint, Appellants asserted that the proximity of their homes to the PJR diminishes the value of all the homes in Waterside. Generally, Appellants contended that Appellees should have discovered the existence of the PJR and of the unexploded ordinance, and disclosed those facts to them and other members of the putative class. Appellants asserted eight causes of action, including a demand for rescission of purchase and sale contracts between the putative class members and *541 Appellees. Appellants also requested class certification in each claim and moved for class certification under Florida Rule of Civil Procedure 1.220(a) and (b)(3). The trial court denied Appellants’ motion, concluding that the rescission count was not appropriate for class certification. The trial court’s order did not address the remaining counts.
The majority and I do not disagree on the law. As the majority correctly acknowledges, Florida’s class action rule is based on Federal Rule of Civil Procedure 23, and federal cases addressing class certification under the federal rule are persuasive authority. Maj. Op. at 539 (citing Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200, 201 (Fla. 4th DCA 1998)). Likewise, the majority appropriately recognizes that federal law requires that “any order disposing of a request for class certification must address each count on a claim-by-claim basis.” Id. (citing In re Dynegy, Inc. Sec. Litig., 226 F.R.D. 263, 270 (S.D.Tex.2005)). Further, I agree with the majority that “controlling federal law requires the claim-by-claim analysis regardless of whether the court grants or denies the request for certification.” Id. (emphasis added).
However, and inexplicably, the majority refuses to apply the persuasive authority that it properly recognized, instead, asserting that “[pjrevious Florida cases have applied “claim-by-claim analysis when considering a request to certify a class, but no cases required individualized findings in orders denying class certification.” Id. (emphasis added). That is a distinction without a difference. In support, the majority cites several cases, including our decision in Terry L. Braun, P.A. v. Campbell, 781 So.2d 480, 482 (Fla. 5th DCA 2001) (Braun I). In that case, the trial court had granted in part and denied in part the motion to certify a class of patients, alleging that a clinic owner wrongfully hired an unlicensed dental practitioner. Braun I, 781 So.2d at 481. The trial court certified a class as to the claims for implied contract, negligence, and battery, but denied the motion to certify the deceptive and unfair trade practices and express contract claims. Id. at 482. While the parties appealed and cross-appealed the entire order, this Court only addressed the issue of whether the trial court’s factual findings and conclusions of law in the order complied with rule 1.220(d)(1). Id. at 481. We determined that the order was “devoid” of the requisite findings, and remanded for additional proceedings. Id. at 482. On remand, the trial court reached the same conclusions but included the findings of fact and conclusions of law as required by rule 1.220(d)(1).
In Terry L. Braun, P.A. v. Campbell, 827 So.2d 261 (Fla. 5th DCA 2002) (Braun II), the parties again appealed and cross-appealed the order granting in part and denying in part the motion for class certification. Id. at 264. We determined that there was not enough evidence to satisfy each of the requirements for class certification, and thus, affirmed the denial of certification of claims while reversing the certification of the other claims. Id. at 266-69. To me, it is clear that our own precedent requires individualized findings or a claim-by-claim analysis of all the claims regardless of whether the court grants or denies the request for class certification. This determination is expressly required by rule 1.220(d)(1), which states that “[irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based.” (Emphasis added).
*542 Because the trial court did not consider class suitability for the remaining claims, I would reverse and direct the trial court to separately consider the appropriateness of class certification as to those claims.