627 So.2d 1233 (1993)
BARTON-MALOW COMPANY and Liebtag, Robinson & Wingfield, Inc., Appellants,
v.
R. Paul BAUER, Jr.; Betty A. Beacham and Husband, James A. Beacham; Ken Beery and Wife, A. Frances Beery; Harry J. Blake and Wife, Marilyn Blake; Connie Jane Braswell and Husband, Michael C. Braswell; Ora O. Caldwell; James Claude Chauncey and Wife, Barbara Chauncey; James W. Colkitt; Robert Lee Debow, Jr.; Rhea R. Edwards and Husband, Harry R. Edwards; Barbara Ginther; Molly K. Glass; Jerry A. Jones and Husband, Edward R. Jones; Shirley Knight; Delores Meany and Husband, Gregory Meany; Darlene Midlam; Sheryl E. Phillips and Husband, J. Murphy Phillips; David Pinello; Alicia Pullum and Husband, Calvin Pullum; Susan E. Riffle and Husband, Seth B. Riffle; Diana Rooney and Husband, Jerry Rooney; Dwight Skeans and Wife, Carol J. Skeans; Andrea G. Small and Husband, Roderick L. Small; Betty Sharon Taylor and Husband, Michael Taylor; Linda B. Wesley and Husband, Doug Wesley; and Jacqueline Young, Paula B. Adams and Husband, Fred J. Adams, Carol Alvarez and Husband, Domingo Alvarez; Richard A. Antone and Wife, Mary Rose Antone; Susan H. Barnes and Husband, Tom J. Barnes; Evamae Bartholomew and Her Husband, Stanley Bartholomew; Harriet L. Bell; Margaret D. Collier; Diane Frazier and Husband, Rolous Frazier; Avalea Godfrey; Heather R. Graham; Wendy Jane Hemming; Kay M. Jones; Terri L. Jones, On Behalf of Jason S. Jones, a Minor; Sidney L. King and Husband, Robert L. King; Janet E. Martin; Wilma Darlene McCall and Husband, Francis E. McCall; James L. Messer and Wife, Billie R. Messer; Shanna M. Overturf; and Carolyn B. Pardon and Husband, James D. Pardon, Appellees.
Nos. 93-01434, 93-01437.
District Court of Appeal of Florida, Second District.
December 3, 1993.
*1234 Gilbert E. Theissen of Heinrich, Gordon, Batchelder, Hargrove & Weihe, Fort Lauderdale, for appellant Barton-Malow Co.
R. Campbell Ford and Karen E. Shumer of Law Office of Herbert R. Kanning, Jacksonville, for appellant Liebtag, Robinson & Wingfield, Inc.
R. Kent Lilly of Gibson & Lilly, Lake Wales, and R. James Platt of Smith, Cassidy, Platt, Harris & Radabaugh, P.A., Lakeland, for appellees.
ALTENBERND, Judge.
The defendants, Barton-Malow Company (Barton-Malow) and Liebtag, Robinson & Wingfield, Inc. (LR & W), appeal a nonfinal order that certified class representation for persons who maintain that they suffer from health problems as a result of conditions at the Polk County Courthouse. Although the plaintiffs have adequately alleged a basis for class representation, we reverse because the trial court needed to conduct an evidentiary hearing prior to the entry of an order granting certification in this case.
R. Paul Bauer, Jr., and numerous other plaintiffs filed a personal injury lawsuit in 1992 alleging that each plaintiff had sustained injuries in excess of $15,000 as a result of environmental problems inside the Polk County Courthouse. The plaintiffs alleged that their health problems were caused by *1235 the negligence of Barton-Malow, as general contractor, and LR & W, as architect, of the courthouse. Paula B. Adams and other plaintiffs filed a similar lawsuit. All of the named plaintiffs in both lawsuits are represented by one law firm.
Both complaints contain allegations attempting to establish a class action. They maintain that a class action is appropriate under Florida Rule of Civil Procedure 1.220(b)(3) on grounds that the questions of law or fact common to the proposed class predominate over any question affecting only individual members of the class. They maintain that class representation provides the superior method to resolve this controversy. The complaints are not verified, and the motion to certify class representation is not accompanied by any affidavits. It is undisputed that the class certification was made without any evidence in the record to support the decision.
The trial court heard several pretrial motions on February 24, 1993. Thereafter, it entered an order that consolidated the two cases and certified a class of "persons who were regularly employed in the Polk County Courthouse who have suffered illness or other health problems, allegedly as a result of the defendants' negligence."
The trial court's order is troubling in several respects. However, the overriding problem that requires reversal is the failure to conduct an evidentiary hearing before certifying this class. Rule 1.220, like Federal Rule of Civil Procedure 23, does not expressly require an evidentiary hearing prior to the entry of an order determining class representation. See 3B James W. Moore, et al., Moore's Federal Practice para. 23.50 (2d ed. 1993). It may not be necessary to conduct an evidentiary hearing in all cases. However, when it is not clear from the pleadings that common issues predominate or that the proposed class representatives provide a superior method for the fair and efficient adjudication of the controversy, an evidentiary basis to support the order should usually prove necessary. See Merrill v. Southern Methodist University, 806 F.2d 600 (5th Cir.1986). "The decision on whether or not to certify a class should be made carefully, on the basis of sufficient information, and at an early stage in the case." Manual on Complex Litigation 2d, § 30.1 (1985) (1-Pt. 2 Moore's Federal Practice (Sam C. Pointer, Jr., et al., eds. 1993)) [hereinafter MCL].
From the record, it appears that the trial court may have been confused by this court's opinion in Estate of Bobinger v. Deltona Corp., 563 So.2d 739 (Fla. 2d DCA 1990). In Bobinger, we discussed the sufficiency of the plaintiff's allegations to support certification of a class action. We did not intend to suggest that a class must be certified whenever the allegations are sufficient to permit certification. In most cases, if the defendants contest the plaintiffs' allegations, it will be necessary for the trial court to determine whether the facts actually support the allegations.
Further, neither the record nor the order clearly reveals whether the trial court intended to permit class representation for only particular liability issues or for all issues. See Fla.R.Civ.P. 1.220(d)(4). The order also does not plainly state who among the many current plaintiffs is the class representative or what illness that class representative has suffered. It has not been established that there is in fact one group of persons "regularly employed" in the building that has suffered similar health problems or that one plaintiff can adequately represent such a group. It is entirely possible that one or more subclasses exist, depending on where the employees worked and how many hours they spent in any location. See MCL § 30.16. Likewise, it is possible that the nature of the various plaintiffs' illnesses may require different representation. Evidence may lead the trial court to define a narrower class, several subclasses or to reject class representation because it is not the superior method to adjudicate the controversy in this case. Once the trial court has received evidence, it should be in a better position to exercise its discretion on these issues.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.