SORONDO, Judge.
The Cricket Club Condominium, Inc. (Cricket Club), appeals the certification of a class action.
Gene Stevens, an owner at the Cricket Club, filed a multi-count lawsuit alleging various misdeeds of the condominium association in connection with the award of a cable T.V. contract and expenditures from a special assessment. The complaint’s class action counts allege that all 227 condominium residents were damaged in equal amounts by identical misrepresentations made in letters concerning the vote to approve the cable contract. On motion for certification of the class, the trial court certified the class without holding an evidentiary hearing or requiring any evidentiary proof from Stevens in support of his allegations. At the hearing that was conducted the court refused to admit an affidavit presented by the Cricket Club in opposition to the certification on the grounds that it had not been served on Stevens.
In keeping with the requirements of Fla. R. Civ. P. 1.220(a) the trial court found the existence of numerosity, commonality, typicality and adequacy. After a careful review of the record in this case we are concerned only with the trial court’s finding of adequacy of representation.
The record reflects that Stevens is a defendant in a defamation action filed by another unit owner and member of the Board of Directors of the condominium association. Stevens has filed a counterclaim against the unit owner and the Cricket Club for intentional infliction of emotional distress. We find that this presents an irreconcilable conflict of interest for Stevens. As representative of the class, his sole concern must be the best interest of the class as a whole. As a counter-claimant in an independent lawsuit, his interest is purely self-centered. To the skeptical eye, a person in this position might be willing to compromise the best interests of the class in return for a favorable result in his own, personal lawsuit.[1] We conclude that the adequacy requirement of the rule cannot be satisfied if Stevens is involved in any other litigation against the Cricket Club.
We reverse the class certification only as concerns the trial court’s determination of adequacy of representation. We remand to the trial court for a reconsideration of only this issue. At oral argument, counsel for Stevens informed this Court that the intentional infliction of emotional distress counterclaim has been dismissed with leave to refile. He further advised this Court that no refiling is contemplated. On remand, if the trial court determines that Stevens is no longer a litigant against the Cricket Club and he will *828 not be during the pendency of the proposed class action, it may once again certify the class if it still believes that the adequacy requirement has been satisfied. The trial court may, if it considers it necessary, receive additional evidence on this issue.
We find no merit to the other arguments raised by the appellant. Southeast Bank, N.A v. Almeida, 693 So.2d 1015 (Fla. 3d DCA 1997); Barton-Malow Co. v. Bauer, 627 So.2d 1233 (Fla. 2d DCA 1993); Estate of Bobinger v. Deltona Corp., 563 So.2d 739 (Fla. 2d DCA 1990).
Reversed and remanded.

. We ascribe no such intentions to Mr. Stevens. We discuss this issue because the potential for conflict is so patent.