733 So.2d 1026 (1998)
ARVIDA/JMB PARTNERS, Arvida/JMB Managers, Inc., Arvida/JMB Partners, Ltd., Broken Sound Club, Inc., Country Club Maintenance Association, Inc., Appellants/Cross-Appellees,
v.
COUNCIL OF VILLAGES, INC., Thomas Domagala, Jules Pearlstine, Barry Blum, William Lehrburger, Mori Aaron Schweitzer, and Chaman-coral Ltd. Partnership, etc., Essex Place Ltd. Partnership, etc., Appellees/Cross-Appellants.
Nos. 97-1663, 97-1679.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
Order Clarifying Opinion on Denial of Rehearing January 6, 1999.
*1028 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Terry S. Bienstock and Jaime A. Bianchi of Bienstock & Clark, Miami, for Appellants/Cross-Appellees.
Andrew D. Rafkin of Broad and Castel, West Palm Beach, for Appellants/Cross-Appellees-Chaman-Coral, Ltd. Partnership and Essex Place, Ltd. Partnership.
Richard A. Goetz, P.A. and Larry Corman, P.A. of Hodgson, Russ, Andrews, Woods and Goodyear, LLP, Boca Raton, for Appellees/Cross-Appellants-Council of Villages, Inc., Thomas Domagala, Jules Pearlstine, Barry Blum, William Lehrburger and Mori Aaron Schweitzer.
PER CURIAM.
Council of Villages, Inc. (Council), the Country Club Maintenance Association, Inc. (CCMA), the area's master homeowners' association, and six Broken Sound PUD single family home owners/residents filed suit against Arvida/JMB Partners, Arvida/JMB Managers, Inc., Arvida/JMB Partners, Ltd., (referred to hereafter collectively as Arvida), the Broken Sound Club (the Club), a private country club, and sought certification for a class action. Council is an organization formed by some of the homeowners in the Broken Sound PUD for the purpose of seeking turnover of the Club to the property owners.
This is a consolidation of appeals from a trial court order granting class certification on count I of plaintiffs' multi-count complaint, and denying certification as to count III, count sounding in constructive trust, while omitting to state a determination respecting two other countscount II, civil theft, and count IV, unjust enrichment. Count I, the count for which the court certified the class, is a claim that Arvida violated Boca Raton city ordinances by (1) not turning over ownership of certain open spaces to an organization of property owners, (2) arranging that members be charged for use of this open space, and (3) obtaining park credit for facilities that became the property of a private club, when, according to ordinance, they should *1029 have been the property of an organization of the property owners.
Here, the defendants and some of the plaintiffs appeal aspects of the court's order. The plaintiffs' appeal is being treated as a cross-appeal. There are also non-defendant joinder appellantsowners of apartment complexes whose apartments have been rentals, but which may be converted into condominiums.
The defendants find fault with the trial court's ruling for several reasons. They contend first that the named plaintiffs do not fairly and adequately represent the class. They urge the class is inadequate because the interests of the named plaintiffs are adverse to those of other class members and because the class fails to include all affected parties. Defendants contend further that the court did not consider whether class action is superior to other available means of adjudication; and that certification on issues of alleged violation of zoning ordinance provisions is inappropriate because the action sounds in fraud based on separate contracts.
Plaintiffs/cross-appellants urge that the trial court erred in failing to certify three additional counts in their complaint, and in greatly expanding the size of the class to include commercial and other property owner groups whose interests are distinctly different from those of the homeowners to whom plaintiffs sought to have the class confined.
The intervenors/appellants urge that on the one hand, all residents and other property owners including themselves, owners of apartment complexes within the PUD, as well as renters residing in the PUD, have an interest in count I, regarding violation of certain zoning ordinances by defendants, and on the other hand that the proposed class representatives have interests antagonistic to those, including themselves, who should be included in the class but are not single family home owners.
In granting class certification as to count I only, the trial court added to the proposed class, which plaintiffs wished to be limited to single family home owners in the PUD, all other property owners within the PUD. The court concluded the issue was essentially whether there was violation of an ordinance requirement that all of the open space reserved for common use be owned in fee simple by an organization of property owners within the PUD. Some of the open areas had been deeded in fee simple to the private equity country club, Broken Sound Club, Inc. (the Club). Those who wish to use these areas have been required either to become equity members of the club or to hold membership of some other type.
The trial court reasoned that some of the antagonistic interests should not be recognized. If creation of a private club owning lands that are properly common areas belonging to all of the property owners was contrary to city ordinances, the desires of persons who would like to maintain the status quo with respect to the Club and not press for enforcement of the ordinances were in conflict with what the law required.
Plaintiffs/appellees/cross-appellants were seeking certification of two classes: Class A, consisting of all resident single family home owners, to assert the objective of turnover of ownership of the Club, and Class B, consisting of equity owners in the Club, to seek rescission of past Club membership purchases and refund of amounts paid as membership fees. What was certified was a single class, consisting not merely of the single family home owners/residents but of all property owners in the PUD. This class may pursue only the first count stated in the plaintiffs' complaint.
We conclude that those who are defendants in this suit and are also property owners within the PUDspecifically Arvida/JMB Partners, Arvida/JMB Managers, Inc., and Arvida/JMB Partners, Ltd.have interests adverse to those of the other members of the class certified by the trial court, and should therefore not be *1030 included in the class. The same is true of the Broken Sound Club, Inc., which ostensibly holds in fee simple lands which plaintiffs contend are or should properly be owned by an association of members of the class. To the extent that, as property owners, the Arvida parties have interests in common with the other property owners, those interests will be secure if the plaintiffs prevail. As to the Club, if the class prevails, it will be found to have no property interest within the PUD. Removal of these persons or parties from the class will also eliminate conflict between the interests of the named plaintiffs and those of other members of the class. Any purported conflicts resulting from some members' preference for the status quo, if the status quo occurred as the result of illegal conduct, should be ignored, since they areassuming the allegations of the complaint to be correctthe fruit of illegal conduct of Arvida. We see no reason why the other parties added by the court to those whom plaintiffs nominated for the class do not belong there, and, as the trial court suggested, none of their legitimate interests conflict with those of the other class members. Plaintiffs assert they have no desire to deny tenants of the rental complex owners access to the common areas, including the golf course.
We think that class action is appropriate in this case, albeit the trial court did not state explicitly that it found such action superior to other possibilities. As was said of the claim in Colonial Penn Insurance Co. v. Magnetic Imaging Systems I, Ltd., 694 So.2d 852, 854 (Fla. 3d DCA 1997), this case presents the quintessential scenario for class action treatment. It is improbable that individual members of the class would have the resources to pursue their common interest individually. Alternatively, the courts would be clogged ad infinitum with the individual suits.
We observe that Florida Rule of Civil Procedure 1.220(a)(2) requires only that the resolution of common questions of law and fact affect all or a substantial number of class members. Paladino v. American Dental Plan, Inc., 697 So.2d 897 (Fla. 1st DCA 1997). The common interest must be in the object of the action, in the result sought or in the question involved, and there must be a common right of recovery based on the same essential facts. Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081, 1084 (Fla. 4th DCA 1976).
The requirement of adequacy of representation is met where the named representatives have interests in common with the proposed class members and the representatives and their counsel will properly prosecute the class action. E.g., Colonial Penn, 694 So.2d at 854. The trial court found this requirement to be met in the instant case, and this court will not disturb such a determination absent a showing of a clear abuse of discretion. McFadden v. Staley, 687 So.2d 357, 359 (Fla. 4th DCA 1997). We do not think the trial judge abused her discretion in finding adequacy of representation. Intervention of some of the named plaintiffs in a declaratory judgment action in which the apartment complex owners seek clarification of their rights appears not to conflict with the interests of the class.
Neither do we think the count for which the class is certified sounds in fraud and is unsuitable for class action, as appellants urge. Conduct that is contrary to law, or, as in this case, requirements of city ordinances, can be the result of mistake or oversight. They need not be deliberate, and there need not be an intent to deceive or defraudnor is that the gravamen of the allegations in count I. Count I concerns violation of an ordinance or ordinances; it does not sound in fraud.
We think the court acted within its discretion in certifying the class, except that inclusion of defendant property owners in the class creates an anomaly that must be undone. We do not think, however, that non-equity members of the Club have assertable interests in these proceedings, *1031 as some of the parties urge. Taking plaintiffs' allegations to be true, those memberships derive from defendants' actions that were contrary to city law and therefore those interests may not be asserted.
Plaintiffs seek our attention to the three counts raised in the complaint besides count I, the only count for which the class has been certified. The one count which the circuit court explicitly ruled out was count III, constructive trust, saying it sounded in fraud and was according to the cases unsuitable for class action. We shall assume that the court sub silentio denied certification as to the remaining two counts as well.
Count II of the amended complaint raises an alternative theory which sounds in civil theft and charges willful, intentional and wrongful diversion of the golf course open space, and refusal to return the property or the proceeds obtained as a result of the diversion of the ownership rights. It does not allege misrepresentation or fraud.
We think the trial court erred in perceiving count III, constructive trust, as sounding in fraud. Fraud claims which have been considered unamenable to class action arise from circumstances in which each defrauded party has a legally distinct claim, each depending on its own facts, there is a material difference in facts, and a choice of remedies is available. See, e.g., Osceola Groves v. Wiley, 78 So.2d 700 (Fla.1955) and authorities mentioned therein.
Count III charges intentional breaches of trustees' duties by Arvida and other defendants by diverting open spaces to a private club and other activities related thereto, in spite of their legal obligations under the pertinent ordinances. While failure to disclose the inadequacy of the golf facilities to accommodate the entire ultimate population of the PUD constitutes one of the allegations, we do not see this as a fraud that militates against proceeding by class action. We think a substantial number of the members of the class as we would modify it have a common interest in the remedy reflected in counts II and III.
Count IV charges the defendants alternatively with unjust enrichment, referring explicitly to the commercial use of the golf property and the monetary gain that resulted. The remedy sought is compensatory damages, interest and costs and such other relief as may be appropriate. We think that the common interest of a substantial number of members of the class is likewise reflected in this count.
The order granting certification of proposed class is affirmed in part, and reversed in part, and remanded. Certification of the class with respect to count I is affirmed except for modification to exclude from the class the defendants in the class action suit. The court is directed to certify the same class for the three alternative counts stated in the amended complaint.
AFFIRMED IN PART, AND REVERSED IN PART, AND REMANDED.
GUNTHER, STEVENSON and SHAHOOD, JJ., concur.

ON MOTION FOR REHEARING, REHEARING EN BANC, CERTIFICATION AND CLARIFICATION
PER CURIAM.
Appellants' motion for rehearing, rehearing en banc, certification and clarification is denied, except for the following clarification:
In this court's opinion in this appeal, Country Club Maintenance Association (CCMA) was inadvertently listed as a plaintiff below. CCMA is a defendant, and is not a member of the class in this class action suit.
GUNTHER, STEVENSON and SHAHOOD, JJ., concur.