799 So.2d 308 (2001)
KPMG PEAT MARWICK LLP and William Wathen, Appellants,
v.
Marion BARNER, Tom Cardillo, Lenore Kohn, Sidney Kronick, Sylvia Kronick, James Lacey, Abraham J. Pastman, Adelle Pastman, Frank Patton, John Todd, and Jean Wolff, Appellees.
No. 2D01-185.
District Court of Appeal of Florida, Second District.
October 5, 2001.
Edward A. Marod of Edward A. Marod, P.A, West Palm Beach, for Appellants.
Michael J. Pucillo of Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, West Palm Beach, William M. Rishoi of Snyderburn, Rishoi & Swann, Winter Park, and Michael C. Addison of Addison & Delano, P.A., Tampa for Appellees.
WHATLEY, Judge.
KPMG Peat Marwick LLP, and William Wathen, a partner of KPMG, appeal a nonfinal order granting the appellees' motion *309 for class certification. We reverse because there is insufficient evidence supporting class certification pursuant to Florida Rule of Civil Procedure 1.220.
The appellees purchased secured notes and preferred stock from Keller Financial Services of Florida. KPMG is a certified public accountant firm that performed accounting services for Keller. In their complaint, the appellees' first claim is for negligent misrepresentation. In support of this claim, they allege that KPMG failed to use reasonable care in preparing Keller's financial statements, which were used by Keller in a prospectus. They further allege that they sustained damages as a direct and proximate result of their justifiable reliance on Keller's financial information, audited by KPMG, in purchasing the secured notes and preferred stock. Count two of the complaint alleges a third-party breach of contract claim.
The appellees filed a motion for class certification pursuant to Florida Rule of Civil Procedure 1.220. The trial court found that the complaint met the requirements of rule 1.220 and certified the classes as to all those persons who had purchased either the secured notes or preferred stock.
KPMG first argues that the trial court erred in certifying the two classes because a class action may not be maintained in a case involving negligent misrepresentation. To support this point, KPMG relies on Osceola Groves, Inc. v. Wiley, 78 So.2d 700 (Fla.1955), and Lance v. Wade, 457 So.2d 1008 (Fla.1984). We conclude that Osceola Groves and Lance do not apply here because they specifically hold that fraud claims based on individual contracts cannot form a basis for a class action, and the Florida Supreme Court has not extended the class action fraud rule to other claims. See Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976); see also Humana, Inc., v. Castillo, 728 So.2d 261 (Fla. 2d DCA 1999); Southeast Bank, N.A. v. Almeida, 693 So.2d 1015 (Fla. 3d DCA 1997). Here, the complaint does not allege fraud relating to individual contracts, and therefore, this action is not barred by the rule announced in Osceola Groves and Lance.
KPMG also argues that the trial court erred in certifying the class because there is no evidence establishing the prerequisites for class representation pursuant to rule 1.220. The appellees contend that, at this stage in the proceedings, the allegations in the complaint are sufficient to meet the requirements of rule 1.220. We disagree and conclude that the appellees were required to present evidence to support class action certification.
This matter was before the trial court on the appellees' motion for class certification, not on a motion to dismiss by KPMG. See Broin v. Philip Morris Cos., 641 So.2d 888 (Fla. 3d DCA 1994) (reversing dismissal of complaint where complaint adequately alleged four requirements of rule 1.220). In Frankel, 340 So.2d at 469, the supreme court noted that in the average class action, the information needed to satisfy the requirements of rule 1.220 can only be obtained through discovery.
In Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1234 (Fla. 2d DCA 1993), this court reversed an order certifying a class because, although the plaintiffs adequately alleged a basis for class action representation, the trial court was required to conduct an evidentiary hearing prior to the entry of the order granting certification. This court noted that it may not be necessary to conduct an evidentiary hearing in every case; however, if the defendant contests the plaintiffs' allegations, in most cases it will be necessary for the trial court to ascertain whether the facts actually support the allegations. Id. at 1235. In the present case, KPMG did contest the appellees' *310 allegations. Therefore, the appellees were required to present facts supporting their allegations that the prerequisites of rule 1.220 were met.
Rule 1.220 reads in pertinent part as follows:
(a) Prerequisites to Class Representation. Before any claim ... may be maintained on behalf of a class by one party or more suing ... as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim ... of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim ... of each member of the class, (3) the claim... of the representative party is typical of the claim ... of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
In the present case, there was no evidence establishing the requirements of numerosity,[1] commonality, typicality, or adequacy. See Castillo, 728 So.2d 261 (discussing evidence presented at hearing on motion for class certification as it related to requirements of commonality and typicality). Although the trial court held a hearing on the appellees' motion for class certification, the only evidence offered at the hearing consisted of Keller's financial documents. Such evidence did not establish numerosity, commonality, typicality, or adequacy as required by rule 1.220.
Accordingly, we reverse the order of the trial court granting the appellees' motion for class certification and remand this case for an evidentiary hearing after both parties have had the opportunity to conduct all necessary discovery relevant to the requirements of rule 1.220.
Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., Concur.
NOTES
[1] The complaint alleges that there are believed to be approximately 1,350 purchasers of the preferred stock and 1,550 purchasers of the secured notes. However, there is no evidence supporting these allegations. Although the number of shares and secured notes may be ascertainable, the number of purchasers, or members of the class, remains unknown.