807 So.2d 768 (2002)
BOUCHARD TRANSPORTATION CO., INC., Tug Captain Fred Bouchard Corp., and Barge B 155 Corp., Appellants,
v.
Ramona M. UPDEGRAFF, et al., Appellees.
Maritrans Operating Partners, L.P., Appellant,
v.
Ramona M. Updegraff, et al., Appellees.
Nos. 2D01-549, 2D01-539.
District Court of Appeal of Florida, Second District.
February 20, 2002.
*769 Carl R. Nelson and Hala A. Sandridge, of Fowler, White, Gillen, Boggs, Villareal & Banker, and David W. McCreadie and Nathaniel G.W. Pieper, of Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, for Appellants.
F. Wallace Pope, Jr., of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, and Andra T. Dreyfus and Jon A. Jouben, Clearwater, for Appellees.
DAVIS, Judge.
Bouchard Transportation Co., Inc., et al and Maritrans Operating Partners, L.P., appeal the trial court's order certifying three classes in an action for damages allegedly resulting from an oil spill in the Gulf of Mexico.[1] These cases have been consolidated for our review. Because we conclude that the trial court abused its discretion in certifying certain of the classes, we affirm in part and reverse in part.
On August 10, 1993, a bulk freighter carrying phosphate products collided with *770 two tank barges loaded with petroleum products. As a result of the collision, oil spilled into the Gulf of Mexico and ultimately came ashore on Pinellas County beaches.
Ramona M. Updegraff, Ambrose G. Updegraff, M.D., Mary A. Garnett, and John Paul McCorkle are all residential property owners in Pinellas County whose real property is located on the Gulf of Mexico. Bleckley Corp. d/b/a Enticing Lounge (Bleckley) and Bilmar Hotel Inc. (Bilmar) are Pinellas County businesses located on property that abuts the Gulf of Mexico. H & H Package Store, Inc., d/b/a Pappy's Package Store, is a business in Pinellas County but is not located on the Gulf of Mexico. Ferruccio Mignardi, Jr., is a nonresident of Pinellas County who had planned to visit Pinellas County on August 10, 1993. These individuals and businesses filed a complaint against both Bouchard and Maritrans, seeking damages for losses that allegedly resulted from the oil spill.[2] They sought damages for losses due to the actual invasion of their property by the pollution, as well as economic damages for loss of income, loss of good will, loss of enjoyment of vacation, etc. They based their claims on three theories: a statutory claim under chapter 376, Florida Statutes; a common law negligence claim; and a claim for strict liability. They then asked the trial court to certify them as class representatives and allow the litigation to proceed as a class action.
The trial court granted their request and certified three classes. First, the trial court approved Bleckley, Bilmar, and H & H as representatives of a class of businesses. The certification order divided this class into two subclasses. Bleckley and Bilmar were to represent all businesses and individuals whose properties or businesses directly abut or are upon the Gulf of Mexico and whose properties were physically invaded by the pollution. This subclass was also to include commercial fishermen. The order further provided that H & H would represent a subclass of businesses whose properties were not directly invaded by the pollution but who claimed losses due to the oil spill.
The second class certified was to include all Pinellas County residential property owners whose properties were physically invaded by the pollution. This class was to be represented by the Updegraffs, Garnett, and McCorkle.
Mignardi was the representative of the third class certified by the trial court, which included all nonresidents of Pinellas County who had vacation or travel plans made for the Pinellas County area on or after August 10, 1993, and who allegedly either cancelled or discontinued their plans due to the oil spill.
Bouchard and Maritrans appeal the certification of the classes. Although they challenge the certification order on the issues of numerosity, commonality, and superiority, we only address the commonality issue and affirm as to the other issues without comment.
For a trial court to certify a class action, it must first, after a "rigorous analysis," determine that the following elements of the class action rule of procedure are satisfied: (1) the members of the class are so numerous that separate joinder of each member is impracticable; (2) the claim of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim of each member in the class; (3) the claim of the representative party is typical of the *771 claims of each of the other members of the class; and (4) the representative party can adequately represent the interest of each of the other members of the class. Fla. R. Civ. P. 1.220(a). Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319 (Fla. 3d DCA 1995). Rule 1.220(b) also requires that the common questions of law or fact predominate over the individual questions of the separate members and that the class action be manageable and superior to other available methods of fairly adjudicating the controversy. Humana, Inc. v. Castillo, 728 So.2d 261 (Fla. 2d DCA 1999). A plaintiff seeking certification of a class action under this rule has the burden of establishing that the case is certifiable as a class action. Baptist Hosp. of Miami, 661 So.2d 319. Further, the determination that a case meets the requirements of a class action is a factual finding that is within the trial court's discretion and will be reversed on appeal only if an abuse of discretion is shown. Marco Island Civic Ass'n, Inc. v. Mazzini, 805 So.2d 928 (Fla. 2d DCA 2001).
In Humana, the court summarized the analysis to be undertaken by the trial court in determining whether the class action requirements are met. "[T]he trial court must determine whether the purported class representatives can prove their own individual cases and, by so doing, necessarily prove the cases for each one of the thousands of other members of the class. If they cannot, a class should not be certified." Humana, 728 So.2d at 266. Applying this analysis to the instant case, we conclude that the trial court abused its discretion in certifying several of the classes it established. The class of residential property owners whose property was physically invaded by the pollution meets the test of commonality and predominance, as does the subclass of business owners whose property abuts the Gulf of Mexico. Accordingly, certification of those classes is affirmed. However, certification of the remaining classes is reversed.
Although the trial court's order does list the several issues of fact that must be determined to show that the actions of the vessel owners caused the oil spill and concludes that these issues are common to all the members of the classes, the trial court erred in concluding that these issues predominate over the other issues of the respective members of certain of the classes. In the class comprised of business owners whose properties were not physically impacted, the damages claimed are not the result of actual contact between the oil and the members' properties. Accordingly, the issue of causation must be addressed for each separate member's damage claim. In other words, even though the oil spill was a common issue raised by all the purported class members, these facts do not show the spill necessarily was the proximate cause of each class member's alleged loss. Even though the class representatives may be able to prove causation for their damages, it does not necessarily follow that every other class member's issue of causation would be similarly decided. There would necessarily be a series of minitrials required to determine causation for each class member's particular claim of loss. This would make the case unmanageable and defeat the purpose of the class action rule. Windham v. Am. Brands, Inc., 565 F.2d 59, 68 (4th Cir. 1977). The common issues do not predominate over the individual issues of the class members and the class certification must be reversed.
Moreover, adding commercial fishermen to the class of business owners whose property abuts the Gulf of Mexico defeats the commonality and predominance requirements for that subclass, causing that subclass to fail. Finally, the *772 class comprised of nonresident tourists fails because each nonresident tourist would have differing issues of causation that must be determined and therefore would not be subject to class prosecution.
Accordingly, we affirm certifying one class for the residential property owners whose properties were physically invaded by the pollution and a second class for the business owners whose businesses were physically invaded by the pollution. We reverse that portion of the trial court's order that included the commercial fishermen in the business owners' class, the provision that established a class for the business owners who were not physically impacted by the pollution, and the provision that certified a class for the nonresident tourists.
Affirmed in part and reversed in part.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] This case was filed in 1993 and originally included a claim under federal law. The case was removed to federal court, but the federal claim was later dropped. The case was delayed for a period of time due to jurisdictional arguments but was later remanded to state court.
[2] Tsacaba Shipping Co. and Dowa Line Co. were originally included as defendants below but were voluntarily dismissed by the plaintiff's below.