PER CURIAM.
Harry Binder (“Binder”) appeals a trial court order denying class certification. We affirm because the complaint did not meet the requirements for class certification under Florida Rule of Civil Procedure 1.220.
Binder purchased shares of Rainbow Medical, Inc. (“RMI”) in a private placement offering brokered by co-appellee M.H. Meyerson & Co., Inc. (“Meyerson”). Soon after the close of the offering, RMI dissolved. Binder then filed suit, alleging breach of fiduciary duty, negligence and negligent misrepresentation. Binder based his claim on the contention that RMI purchasers, when deciding whether to purchase RMI stock, relied on an inaccurate and misleading offering memorandum prepared by Meyerson.
At the evidentiary hearing for class certification, Binder chose not to testify or to call any other witnesses. Neither did he place the offering memorandum, upon which he based his claim, into evidence. In fact, the transcript of Binder’s deposition was the only evidence Binder submitted.
The burden of proof is on the plaintiff to establish that a class should be certified. See State Farm Mutual Automobile Insurance Company v. Kendrick, 822 So.2d 516 (Fla. 3d DCA 2002); Bouchard Transportation Co., Inc. v. Updegraff, 807 So.2d 768 (Fla. 2d DCA 2002); Baptist Hospital of Miami, Inc. v. Demario, 661 So.2d 319 (Fla. 3d DCA 1995). To *256 meet this burden, the plaintiff must present facts to support the allegations. See KMPG Peat Marwick LLP v. Barrier, 799 So.2d 308 (Fla. 2nd DCA 2001); Barton-Malow Company v. Bauer, 627 So.2d 1233 (Fla. 2d DCA 1993). See also Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319 (Fla. 3d DCA 1995)(“must be a sound basis in fact, not supposition, that the requirements of the class action rule have been satisfied”). If the plaintiff does not meet the burden set by Rule 1.220, a trial court should deny class certification. See Hoechst Celanese Corp. v. Fry, 753 So.2d 626 (Fla. 5th DCA 2000).
The record supports the trial court’s finding that Binder failed to prove the requirements for class certification. Binder did not present evidence to support the conclusory allegations in his complaint. Therefore, the allegations are not sufficient to satisfy the numerosity or commonality requirements of Rule 1.220. See State Farm Mutual Automobile Insurance Company v. Kendrick, 822 So.2d 516 (Fla. 3d DCA 2002); Hoechst Celanese Corp. v. Fry, 753 So.2d 626 (Fla. 5th DCA 2000). Accordingly, we affirm the order denying class certification.
Affirmed.