903 So.2d 956 (2005)
ERNIE HAIRE FORD, INC., Appellant,
v.
Moira GILLEY, on behalf of herself and all others similarly situated, Appellee.
No. 2D04-109.
District Court of Appeal of Florida, Second District.
February 18, 2005.
Rehearing Denied June 24, 2005.
*957 Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellant.
David M. Caldevilla of de la Parte & Gilbert, P.A., Tampa, for Appellee.
STRINGER, Judge.
Ernie Haire Ford, Inc., a motor vehicle dealership, challenges a nonfinal order that conditionally certified a class action with respect to an anti-theft product, the cost of which was added to the "back-end" of plaintiff Moira Gilley's purchase of a used Ford Taurus. We reverse.
During the pendency of this appeal Gilley sought and the Florida Supreme Court denied a writ of prohibition to prevent this court from exercising jurisdiction over this matter. See Gilley v. Ernie Haire Ford, Inc., No. SCO4-916, 889 So.2d 71 (Fla. Nov. 17, 2004). This court has jurisdiction to consider appeals of nonfinal orders that determine "that a class should be certified." Fla. R.App. P. 9.130(a)(3)(C)(vi). The parties disputed this court's jurisdiction on substantive grounds and because the circuit court characterized its order as conditional. After thoroughly considering the court's order and the merits of the parties' arguments, we conclude that the effect of the court's order was to certify the class. We therefore have jurisdiction.
*958 Gilley asserts claims against Ernie Haire for count one, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), section 501.201, Florida Statutes (2002); count two, violation of the Florida Motor Vehicle Retail Sales Finance Act, section 520.01, Florida Statutes (2002); and count three, negligence. The complaint is not verified. The complaint contains class action allegations and defines the class as "all customers who purchased a vehicle from Ernie Haire under an installment sales contract and who were sold an after-market or back-end product, whose cost was not disclosed to the customer in the installments sales contract." The court's class certification occurred in the context of its ruling on Ernie Haire's motions for judgment on the pleadings and/or for partial summary judgment. Gilley had not filed a motion for class certification. The court's order explained that Gilley had not yet been afforded an adequate opportunity to employ sufficient discovery on the question of whether and how to certify a class. In effect, the parties had no notice that the court would be considering class certification at this point in the lawsuit.
After considering the merits of the motions and the sufficiency of each of the causes of action alleged in the complaint, the circuit court turned to the question of eligibility for class certification. The fifty-nine-page order on appeal is entitled "Consolidated Order Granting, in part, Plaintiff's Motion for Partial Summary Judgment and/or Motion for Partial Judgment on the Pleadings."[1] The order is subject to conditions that allow Gilley an opportunity to employ sufficient discovery to support class action certification and that reserve Ernie Haire's right to later oppose class certification. The brief portion of the order concerning class certification summarily recites conclusory findings of numerosity, commonality, and typicality without reference to any evidentiary foundation.
The determination that a case meets the requirements of a class action is a factual finding that is within the discretion of the trial court and will be reversed on appeal only if an abuse of discretion is shown. Bouchard Transp. Co. v. Updegraff, 807 So.2d 768 (Fla. 2d DCA 2002).
A party moving to certify a class action bears the burden to establish the propriety of class action status. Marco Island Civic Ass'n v. Mazzini, 805 So.2d 928 (Fla. 2d DCA 2001). In order to establish its entitlement to class action status, the movant must meet the requirements for class certification, including numerosity, commonality, typicality, and adequacy of representation. Id. Florida Rule of Civil Procedure 1.220 does not require an evidentiary hearing prior to the entry of an order determining class representation. Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1235 (Fla. 2d DCA 1993). Although not every class certification order merits an evidentiary hearing as a predicate, the majority of class certification issues are determined after such hearings because the plaintiff bears the burden of proof, and not simply supposition, to establish that a class should be certified. Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319 (Fla. 3d DCA 1995). The decision on whether or not to certify a class should be made carefully on the basis of sufficient information. Id. In most cases, when the defendants contest the plaintiffs' allegations, it will be necessary for the trial court to determine whether the facts actually support the allegations. Barton-Malow Co., 627 So.2d at 1235. *959 The order granting class certification must have an evidentiary basis supporting the trial court's findings as to the appropriateness of class certification. See id. For that reason, rule 1.220(d) requires that a class action order set forth findings of fact, as well as conclusions of law, upon which the certification decision is based. There must be an evidentiary basis to support an order certifying a class when the moving party contests class certification and when it is not clear from the pleadings that a class action will provide for the fair and efficient adjudication of the controversy. Marco Island Civic Ass'n, 805 So.2d at 930.
In this case, Ernie Haire has disputed the propriety of the action proceeding as a class action. Gilley filed no motion for class certification. The trial court rendered its decision certifying the class without setting a hearing on the question. No evidence was presented to support the court's conclusion of class certification. The court instead rendered its decision on the basis of argument regarding the issues of standing and the underlying merits of the complaint. In effect, the court entered the order without observing the basic tenets of due process that provide a party fair notice and a reasonable opportunity to be heard before the entry of a decree. See Ryan's Furniture Exch., Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935). The opportunity to be heard must be full and fair, not merely colorable or illusive. Id. The trial court's consideration of class certification before adequate class discovery occurred and without notice operated to deprive both parties of their right to demonstrate or contest the requirements of a class action.
We conclude that the trial court erred in not fully considering any factual background to support the issue of class certification. It simply assumed that once it determined that the complaint stated a cause of action, the action was appropriately ripe for class certification. We therefore reverse and remand for further proceedings.
Reversed.
VILLANTI and WALLACE, JJ., concur.
NOTES
[1] The only aspect of the court's nonfinal order over which we now have jurisdiction is the class certification. See Fla. R.App. P. 9.130(a)(3)(C)(vi).