911 So.2d 135 (2005)
ATLANTA CASUALTY COMPANY, Appellant,
v.
OPEN MRI OF PINELLAS, INC., on assignment from Edward Richards, Appellee.
No. 2D04-2698.
District Court of Appeal of Florida, Second District.
May 18, 2005.
Rehearing Denied August 22 and September 29, 2005.
*136 Mark R. Antonelli of Gaebe, Mullen, Antonelli, Esco & DiMatteo, Coral Gables, for Appellant.
David M. Caldevilla and Travis J. Coy of de la Parte & Gilbert, P.A., Tampa, for Appellee.
FULMER, Judge.
Atlanta Casualty Company (Atlanta Casualty) appeals a nonfinal order granting class certification and appointing Open MRI of Pinellas, Inc. (Open MRI) as the class representative in an action filed by Open MRI against Atlanta Casualty seeking payment of certain no-fault insurance benefits. We conclude that Open MRI is an improper class representative for the class as defined and, therefore, reverse and remand for further proceedings.
In its class action complaint, Open MRI alleged that it provided magnetic resonance imaging (MRI) services to a person insured by Atlanta Casualty and, pursuant to a written assignment, sought payment for the MRI under the provisions of section 627.736(5)(b)(5), Florida Statutes (2001), which states in relevant part:
Effective upon this act becoming a law [i.e., June 19, 2001] and before November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services shall not exceed 200 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered. Beginning November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services shall not exceed 175 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida, except that allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services provided in facilities accredited by the American College of Radiology or the Joint Commission on Accreditation of Healthcare Organizations shall not exceed 200 percent of the allowable amount under Medicare Part B for year 2001, for the area in which *137 the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida.
(Emphasis added). The complaint alleged that Atlanta Casualty failed to pay the "annual Florida medical consumer price index increase" as required by the statute and requested that Open MRI be permitted to represent a class of all those similarly situated who had also been refused full payment for MRI services. Atlanta Casualty moved to dismiss the complaint arguing that Open MRI failed to attach or identify the "medical Consumer Price Index for Florida" and that because there is no such index in Florida, it is impossible to determine what amount must be used to adjust any payment under the statute. Thus, that portion of the statute must be declared inoperative and Atlanta Casualty's nonperformance should be excused. The trial court denied Atlanta Casualty's motion to dismiss and scheduled a hearing on Open MRI's motion for class certification. Atlanta Casualty filed its answer and asserted as an affirmative defense: "Section 627.736(5)(b)(5), Fla. Stat., as construed by Plaintiff would require the performance of an impossible act inasmuch as there is no `medical Consumer Price Index for Florida.' The law cannot require the performance of an impossible act."
Both parties filed competing motions for summary judgment on the issue of liability based on the proper interpretation of section 627.736(5)(b)(5), specifically, the meaning of the term "medical Consumer Price Index for Florida." On April 19, 2004, the trial court conducted a hearing on the motions for summary judgment and class certification. At the conclusion of the hearing, the trial court orally denied Atlanta Casualty's motion for summary judgment and granted Open MRI's motions for partial summary judgment and for class certification.
The written order granting partial summary judgment construes the term "medical Consumer Price Index for Florida" to mean "the Medical Care Item of the Consumer Price Index for All Urban Consumers in the South Region as determined by the Bureau of Labor Statistics of the United States Department of Labor."[1] The written order granting class certification designates Open MRI as the class representative of the following class:
All magnetic resonance imaging service providers within the State of Florida who [Atlanta Casualty] has failed and/or refused to make full payment for magnetic resonance imaging services in an amount adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida as required by Section 627.736(5)(b)5 from November 1, 2001, through July 31, 2003.
Atlanta Casualty raised several objections to the class certification, one of which was that the class definition was overly broad because the proposed class period begins November 1, 2001, but the statutory Consumer Price Index (CPI) adjustment, if any is required, did not begin until November 1, 2002. Further, Atlanta Casualty argues that Open MRI's claim would not be typical of the claims of each class member because proof of the issue of when the CPI adjustment first comes into *138 effect is not necessary to prove Open MRI's individual claim. On the common issue of whether an additional CPI adjustment is required by section 627.736(5)(b)(5), Florida Statutes (2001), it appears that Open MRI is an adequate class representative for all class members. However, on the issue of the effective date of such adjustment, the record shows that Open MRI's claim is not typical of those class members who provided MRI services between November 1, 2001 and November 1, 2002.
Florida Rule of Civil Procedure 1.220(a) specifies four prerequisites to class representation commonly referred to as numerosity, commonality, typicality and adequacy. See Bouchard Transp. Co. v. Updegraff, 807 So.2d 768, 771 (Fla. 2d DCA 2002); Terry L. Braun, P.A. v. Campbell, 827 So.2d 261, 265 (Fla. 5th DCA 2002). Parties seeking class certification have the burden of pleading and proving each of these prerequisites. In this case, the trial court concluded that Open MRI satisfied each of these requirements. While we agree with the trial court's general statements of law and supporting citations, the record does not support its conclusion that Open MRI "has established that its claims are identical to the claims of other class members" and has fully satisfied the typicality requirement of rule 1.220(a)(3).
Rule 1.220(a)(3) requires that in order for a plaintiff to qualify as a class representative, the plaintiff's claim must be typical of the claim of each member of the class. "[T]ypicality ... compels an examination of the relationship of the class representative's claim to the claims of the class members." See Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852, 854 (Fla. 3d DCA 1997). Open MRI's claim is based on a bill for services provided on February 13, 2003. Thus, its claim can be decided without litigating the issue of whether the annual CPI adjustment should apply to MRI services provided during the period November 1, 2001 to October 31, 2002. If the trial court accepts Atlanta Casualty's interpretation of when the CPI adjustment should begin and concludes that no CPI adjustment is due on payments for services performed between November 1, 2001 and November 1, 2002, Open MRI will not be aggrieved by this decision and cannot represent those members of the class who may be aggrieved. If a class representative cannot necessarily prove the claims of other class members by proving its own claim, the class should not be certified. See Humana, Inc. v. Castillo, 728 So.2d 261 (Fla. 2d DCA 1999).
Because the record demonstrates that the claim of Open MRI is not typical of the claims of each of the other members of the class as it is presently defined, we reverse the trial court's order granting Open MRI's motion for class certification and remand for further proceedings. On remand, the trial court may wish to consider creating a subclass and appointing an appropriate representative to cure the typicality deficiency we have identified in Open MRI's claim or to redefine the class by narrowing the time frame to eliminate the issue regarding the effective date of the annual adjustment.
Reversed and remanded for further proceedings.
ALTENBERND, C.J., and WHATLEY, J., concur.
NOTES
[1] In its order granting class certification, the trial court notes that section 627.736(5)(b)(5) was amended in 2003 to clarify the legislature's intent that the required annual adjustment be made "on August 1 to reflect the prior calendar year's changes in the annual Medical Care Item of the Consumer Price Index for All Urban Consumers in the South Region as determined by the Bureau of Labor Statistics of the United States Department of Labor for the 12-month period ending June 30 of that year."