920 So.2d 818 (2006)
SEMINOLE COUNTY, Appellant,
v.
TIVOLI ORLANDO ASSOCIATES LTD., etc., Appellee.
No. 5D05-684.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
*819 Robert A. McMillan, County Attorney, and Arnold W. Schneider, Assistant County Attorney, Sanford, for Appellant.
*820 Leonard E. Ireland, Jr., of Clayton-Johnston, P.A., Gainesville, for Appellee.
THOMPSON, J.
This is an appeal from a non-final order granting a motion for class certification. This case involves Seminole County's ("County") calculation of building permit fees and water and wastewater impact fees that builders must pay before the County issues a building permit. Tivoli Orlando Associates, Ltd., by the Tivoli 2900 Corp. (collectively "Tivoli"), sued for declaratory judgment in 2001, alleging that the County's determination of fees with respect to two apartment building projects was arbitrary and capricious. On 1 February 2005, the court entered an order certifying a class of "all developers and builders who have paid fees to Seminole County, Florida for building permits and water and waste water connections since August 30, 1997." The County timely appealed. Because Tivoli did not prove the elements required for class certification, and the trial court's order lacked evidentiary support, we reverse.

FACTS
Two relevant County resolutions preceded the conflict between Tivoli and the County. Resolution 97-R-245, adopted in November 1997, established building permit fees and utilized the most recent building valuation data sheet created by Southern Building Code Congress International Inc. ("SBCCI"). The data sheet estimates average construction costs per square foot for either "good" or "average" construction. Its building valuation varies greatly depending on the type of building being constructed and which of six construction types applies. The portion of the Resolution addressing building permit fees encompasses both buildings and other structures, such as power poles, retaining walls, solar panels, wood decks, and swimming pools. Resolution 98-120, adopted in May 1998, established water service connection fees and wastewater service connection fees, or impact fees. An attached schedule outlined waste and wastewater service capacity guidelines, establishing varying presumed usages for different buildings, including, for example, multi-family three-bedroom housing, fast food restaurants, barber shops, gas stations, and dentists' offices.
Tivoli was required to pay building permit fees and impact fees before it could receive building permits for its apartments. Building permit fees for its apartments, given their classification and type of construction, were valued at $60 per square foot for "good" construction, rather than $47 for "average" construction. Tivoli paid the fees for its first building in June 2000 "under protest." It claimed the apartments would cost less than $31 per square foot to build and submitted a one-page compilation of expected costs as proof. The County denied the request. Tivoli's request for lower impact fees, based on its own estimated water usage, was also unavailing. In June 2001, Tivoli paid "under protest" for its second apartment project; its request for lower fees was again denied, despite its submission of a one-page sheet showing water usage of Gainesville apartments over six non-consecutive months in 1999.
Tivoli sued for declaratory judgment, alleging that the County's calculation of cost was subjective, arbitrary, and capricious because it did not accept Tivoli's estimated costs rather than the fees established by County resolutions. Tivoli's amended complaint, filed about two years later, alleged a class action for a class of all developers who paid fees to the County after 30 August 1997. The complaint contained language tracking rule 1.220, Florida *821 Rules of Civil Procedure, and repeated its specific allegations regarding Tivoli's construction projects. Tivoli's experience was typical for all builders because, with one exception, the County "computed its fees for building permits and water and waste water connections in exactly the same way." Tivoli sought a refund to itself and all class members. Neither Tivoli's amended complaint nor motion to certify class was accompanied by any affidavits.
The December 2004 hearing on Tivoli's motion was an argument of law. Tivoli presented no evidence other than three depositions taken in July 2002.[1] The order certifying the class repeated the complaint's allegations and found that Tivoli's assertions were supported by the depositions.
An order certifying a class is reviewed for abuse of discretion. Courtesy Auto Group, Inc. v. Garcia, 778 So.2d 1000, 1002 (Fla. 5th DCA 2000); Ernie Haire Ford, Inc. v. Gilley, 903 So.2d 956, 958 (Fla. 2d DCA 2005). This court has jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(vi).

ANALYSIS
Rule 1.220(a), Florida Rules of Civil Procedure, provides that numerosity, commonality, typicality, and adequacy is required for all class actions:
Before any claim ... may be maintained on behalf of a class by one party ... suing ... as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim ... of the representative party raises questions of a law or fact common to the questions of law or fact raised by the claim ... of each member of the class, (3) the claim ... of the representative party is typical of the claim ... of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
Every pleading alleging a class's existence must include a specific recitation of:
(A) the particular provision of subdivision (b) under which it is claimed that the claim ... is maintainable on behalf of a class,
(B) the questions of law or fact that are common to the claim ... of the representative party and the claim ... of each member of the class;
(C) the particular facts and circumstances that show the claim ... advanced by the representative party is typical of the claim ... of each member of the class;
(D) (i) the approximate number of class members, (ii) a definition of the alleged class, and (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class; and
(E) the particular facts and circumstances that support the conclusions required of the court in determining that the action may be maintained as a class action pursuant to the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class.
*822 Fla. R. Civ. P. 1.220(c)(2) (emphasis added).
The claims in Tivoli's complaint contained only facts and circumstances regarding its individual action, coupled with mere pleadings to satisfy the language of rule 1.220. The class, as alleged, consisted of "[a]ll developers and builders who have paid fees to Seminole County, Florida for building permits and water and waste water connections since August 30, 1997." The claim, in its entirety, stated that the County was arbitrary and capricious in its calculation of fees. Tivoli asserted, as a legal conclusion, that its claim was typical of the claims of all class members. The allegations of "particular facts and circumstances" to meet this essential requirement of a class action consisted of: (1) Tivoli's claim that Seminole County treats everyone the same way; and (2) Tivoli's recitation of facts from its initial complaint concerning the County's rejection of Tivoli's estimate of construction cost or water usage. Tivoli did not include any specific facts or circumstances to show its claim was typical of members in its class and described no names, costs, transactions, or projects occurring anywhere else in the County. More important, because there were six categories of construction types described in the resolution, Tivoli never pled how the disparate types could be joined as members of the same class with a common interest that would lead to a common right of recovery based on the same essential facts. Arvida/JMB Partners v. Council of Villages, Inc., 733 So.2d 1026, 1030 (Fla. 4th DCA 1999). Tivoli never pled, let alone proved, that multi-family projects, industrial construction, single family residences, and commercial retail projects with different construction modalities and costs could belong to the same class. Thus, Tivoli's amended complaint failed to allege a proper class action as required by the criteria in Fla. R. Civ. P. 1.220(c)(2)(C). See Dade County Police Benevolent Ass'n v. Metropolitan Dade County, 452 So.2d 6, 8 (Fla. 3d DCA 1984). Therefore, without a common nexus, the complaint did not properly plead a valid class action. See Dade County Police Benevolent Ass'n, 452 So.2d at 8; see also Frankel v. City of Miami Beach, 340 So.2d 463, 469 (Fla.1976) (holding that "more is required than the mere pleading of the language of the statute").

PROCEDURAL ERROR
Furthermore, even if Tivoli had properly alleged a class action, it did not prove the elements required by the rule; it did not accept its burden of presenting evidence to support its claim. It is well settled that parties seeking class certification must plead and prove each element required by rule 1.220. Terry L. Braun, P.A. v. Campbell, 827 So.2d 261, 265 (Fla. 5th DCA 2002); Courtesy Auto Group, Inc., 778 So.2d at 1002. Tivoli disagreed that it had this burden. Instead, Tivoli argued alternatively that the County had the burden of proving that Tivoli's representations concerning the elements of class certification were inadequate or that the Court must accept as true Tivoli's allegations. Tivoli erred when presenting these arguments.
Tivoli argued below and on appeal that the County must show that Tivoli's representations for class certification are inadequate, citing Lewis v. Curtis, 671 F.2d 779 (3d Cir.1982). In essence, Tivoli stated the law required the County to present evidence to decertify the proposed class. On this issue, Tivoli plainly misstated the law. First, the only portion of Lewis remotely implying such a burden is that discussing the verification requirement of Federal Rule of Civil Procedure 23.1, the rule concerning shareholders' derivative actions. 671 F.2d at 787-88. Second, the Third *823 Circuit later ruled that, "to the extent that the demand futility requirements articulated in Lewis place a lesser burden on the shareholder than [those] under [state] law, Lewis has been superseded by [Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991)]." Garber v. Lego, 11 F.3d 1197, 1206-07 (3d Cir.1993). Tivoli disputed Garber's importance, but did not cite any Florida cases for its novel reassignment of the burden of proof.
Tivoli also argued that the court was required to accept its allegations as fact, citing Broin v. Philip Morris Cos., 641 So.2d 888, 890 (Fla. 3d DCA 1994), for that proposition. Tivoli overlooked the fact that Broin erroneously relied on Estate of Bobinger v. Deltona Corp., 563 So.2d 739, 743 (Fla. 2d DCA 1990), on that point. As the Second District clarified in Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1235 (Fla. 2d DCA 1993):
From the record, it appears that the trial court may have been confused by this court's opinion in [Bobinger]. In Bobinger, we discussed the sufficiency of the plaintiff's allegations to support certification of a class action. We did not intend to suggest that a class must be certified whenever the allegations are sufficient to permit certification. In most cases, if the defendants contest the plaintiffs' allegations, it will be necessary for the trial court to determine whether the facts actually support the allegations.
Accordingly, when plaintiffs contend that their complaints' allegations are sufficient to meet the rule's requirements, courts explicitly "disagree and conclude that [they] were required to present evidence to support class action certification." KPMG Peat Marwick LLP v. Barner, 799 So.2d 308, 309 (Fla. 2d DCA 2001); Barton-Malow Co., 627 So.2d at 1235.
Tivoli did not call any witnesses or present any evidence other than three depositions to support the conclusory allegations in its complaint, failed to present facts to support its class allegations, and did not meet the burden set by rule 1.220. See Binder v. Rainbow Med., 831 So.2d 254, 255-56 (Fla. 3d DCA 2002); see also Marco Island Civic Ass'n v. Mazzini, 805 So.2d 928, 930 (Fla. 2d DCA 2001). This failure is most noticeable with respect to Tivoli's unverified complaint alleging typicality. See Barton-Malow Co., 627 So.2d at 1235 (holding that a class certification was made without evidentiary support because the complaint was unverified and unaccompanied by affidavits, and the court failed to hold an evidentiary hearing). Rule 1.220(a)(3) requires that Tivoli's claims are typical of the claim of each class member. Typicality "compels an examination of the relationship of the class representative's claim to the claims of the class members." Atlanta Cas. Co. v. Open MRI of Pinellas, Inc., 911 So.2d 135, 138 (Fla. 2d DCA 2005).
In its complaint, Tivoli was the only developer described in the claim, the only developer to pay under protest, and the only developer to challenge the fees. It presented no evidence other than deposition testimony limited primarily to multi-family housing. Its allegations did not address other apartment developers, let alone builders who paid fees for structures from warehouses to swimming pools. Tivoli did not provide sufficient information to satisfy the typicality requirement. See Terry L. Braun, P.A., 827 So.2d at 268; State Farm Mut. Auto. Ins. Co. v. Kendrick, 822 So.2d 516, 517 (Fla. 3d DCA 2002).

DEFECTIVE CERTIFICATION ORDER
The trial court may certify a class action only after it determines *824 through rigorous analysis that the elements of the class action rule have been met. Terry L. Braun, P.A., 827 So.2d at 265; Chase Manhattan Mortg. Corp. v. Porcher, 898 So.2d 153, 156 (Fla. 4th DCA 2005); Bouchard Transp. Co. v. Updegraff, 807 So.2d 768, 770 (Fla. 2d DCA 2002). As we have previously stated, "[t]he decision to certify a class should be made carefully on the basis of sufficient information, because the granting of class certification considerably expands the dimensions of the lawsuit and commits the court and the parties to much additional labor, over and above that entailed in an ordinary private lawsuit." Terry L. Braun, P.A., 827 So.2d at 265-66 (cited by City of Tampa v. McAfee, 896 So.2d 943, 946 (Fla. 2d DCA 2005)); Chase Manhattan Mortg. Corp., 898 So.2d at 156. The trial court's order contained neither rigorous analysis nor evidentiary support for its conclusion. Thus, the order was defective.
The court's order was defective because it contained only cursory, conclusory statements and no detailed findings of fact. See City of Tampa, 896 So.2d at 946; Fla. R. Civ. P. 1.220(d)(1). We suggest this occurred because the hearing was conducted informally, without the presentation of affidavits, testimony, or evidence other than the three depositions. See City of Tampa, 896 So.2d at 946; see also KPMG Peat Marwick LLP, 799 So.2d at 310. As a result, the court had no evidence permitting it to enter adequate factual determinations. See Ernie Haire Ford, Inc., 903 So.2d at 958; City of Tampa, 896 So.2d at 946. The trial court's decision to certify the class appears to be based primarily on the argument of Tivoli's attorney. See Marco Island Civic Ass'n, 805 So.2d at 930.
Significantly, the trial court should have held an evidentiary hearing because the County disputed Tivoli's allegations; it was the court's responsibility to determine whether the facts actually supported the allegations. Ernie Haire Ford, Inc., 903 So.2d at 958; KPMG Peat Marwick LLP, 799 So.2d at 309-10; Barton-Malow Co., 627 So.2d at 1235. The court's failure to require adequate evidence compounded the problem created by Tivoli's failure to present evidence. As a result, the court abused its discretion in certifying the class.

CONCLUSION
Even if the court possessed adequate evidentiary support, it is unlikely the class as pled meets the predominance requirement. Rule 1.220(b)(3) provides that a court, upon establishing the existence of the prerequisites, may certify a class after concluding that common questions of law or fact predominate over individual questions and that the class action is manageable and superior to other methods of adjudicating the controversy. Terry L. Braun, P.A., 827 So.2d at 269; Bouchard Transp. Co., 807 So.2d at 771. The trial court must determine whether Tivoli can prove its own individual case and, by so doing, necessarily prove the cases for each one of the hundreds of other class members; if Tivoli cannot, the class should not be certified. See St. Joe Co. v. Leslie, 912 So.2d 21 (Fla. 1st DCA 2005); Atlanta Cas. Co., 911 So.2d at 138; Bouchard Transp. Co., 807 So.2d at 771. Tivoli's complaint alleged a class that could not meet the predominance requirement. Three depositions and an amended complaint purportedly showed Tivoli paid too much for building permit fees and impact fees. Tivoli's cause of action, however, would require much more than that. It must also show, church by mobile home by parking garage, whether developers subject to the County's arbitrary and unreasonable calculation of fees were overcharged and, if so, by how much and on what basis. These individual *825 inquiries would predominate and overwhelm any common issue. See Hoechst Celanese Corp. v. Fry, 753 So.2d 626, 627-28 (Fla. 5th DCA 2000).
We hold that the court abused its discretion by certifying the class because Tivoli did not properly plead or prove a class action, and the court entered its order without adequate evidentiary support. Therefore, we REVERSE the order certifying the class and REMAND for further proceedings in accordance with this opinion.
PALMER and TORPY, JJ., concur.
NOTES
[1] Robert Briggs, the finance manager for County Environmental Services, discussed the calculation of impact fees for multi-family residential dwellings. Tom Helle, a County deputy building official, had not reviewed Tivoli's plans and had primarily reviewed commercial projects. Robert Adolphe, the County Director of Environmental Services, had rejected Tivoli's request for reduced impact fees.